Joseph A. Gtavagau, J.
This is an action for personal injuries tried before the court without a jury. The plaintiff, Sol Stuhlman, alleges that while a passenger on a bus owned by the defendant, New York City Omnibus Corporation, and without any fault on his part whatsoever, he was caused to sustain severe and permanent injuries by the bus being negligently driven in close proximity to a truck of the defendant, Star Wholesale Meat, Inc., double parked on Ninth Avenue. At the end of plaintiff’s case the court granted a motion to dismiss the complaint as against the defendant Star Wholesále Meat, Inc.
The plaintiff testified that at about 3:25 p.m. on July 11,1955, he boarded a southbound bus on Ninth Avenue at 50th Street and that, after paying his fare, he sat on the third seat of the right-6 hand side close to the window, facing the front. He further testified that the lower part of the window was open and that there were no bars, rails, or screens obstructing the opening. While seated, he placed his right elbow on the ledge of the window and commenced to read a paper as the bus proceeded in a southerly direction on Ninth Avenue, a one-way southbound thoroughfare. The bus stopped at the north side of 44th Street, in the second lane of traffic, at which time a truck owned by the defendant Star Wholesale Meat, Inc. was double parked between 44th and 43rd Streets in the second lane from the west curb, about 60 to 70 feet in front of the bus. That the operator of the bus started up very fast and gave a violent lurch to the left, jolting the plaintiff in his seat and causing his right arm and elbow to fly out of the window and come in contact with the double-parked truck which the bus was attempting to pass, causing plaintiff to sustain his injuries.
The defendant bus corporation in its behalf called three witnesses. The first witness, John Connolly, ended his testimony by stating he was not paying any particular attention until after the accident occurred. His testimony is completely discounted by the court. The second witness, Dugan, testified that he was seated on the left side of the bus in a seat parallel to the plain *729 tiff and that he, Dugan, observed that the plaintiff’s right elbow extended outside the window for a distance of about four inches. From a demonstration conducted in the courtroom, it would be physically impossible for this witness to have seen where the plaintiff’s elbow was resting, and such testimony is unworthy of belief. The third witness, Stanley Martin, was operating the bus at the time of the accident. He testified that when he left the north side of 44th Street he was in the second lane and observed the parked truck about 60 to 70 feet south of him. Martin stated that when he started the bus he cut his wheel to the left into the third lane for the purpose of passing the truck.
If such testimony is to be believed, then the bus would have entered the third lane of traffic in time to clear the truck, double parked in the second lane 60 to 70 feet in front of him, and in no way could have been in close proximity to the parked vehicle. The inference is irresistible that the bus driver’s testimony is unworthy of belief. I find that the bus did make a violent turn into the third lane too close to the parked truck and in such close proximity that the sudden lurch to the left caused a violent jerk throwing the plaintiff to the right and forcing his arm and elbow out the window and in contact with the truck inflicting the injuries proven and not challenged. The evidence amply demonstrates a basis in special damage to the extent of approximately $12,000 not inclusive of plaintiff’s continual loss of earnings in the future. The proof is uncontradicted that the plaintiff will continue to sustain a loss of future earnings; that his injuries were severe, extensive and of a permanent nature. Considering the obvious pain, suffering and incapacity sustained by the plaintiff he is entitled to substantial damages.
The court has had ample opportunity to observe the demeanor of thé witnesses while on the stand and from all of the evidence it finds and decides that the plaintiff has sustained the burden of proof in establishing his cause of action. Further, that the plaintiff, Stuhlman, was free from any negligence that in any degree contributed to the accident and that it was caused solely by the negligence of the defendant New York City Omnibus Corporation. Accordingly, judgment is rendered in favor of the plaintiff, Sol Stuhlman, and against the defendant New York City Omnibus Corporation in the sum of $30,000.
The foregoing is intended to constitute compliance with section 440 of the Civil Practice Act.
All motions made by the defendant, inconsistent with this decision, upon which the court, reserved decision, are now denied.